IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**KELLIE DOUGLAS CARDENAS,**
No. 38011-177

        Petitioner,

  vs.                                      Case No. 13-cv-01096-DRH

**UNITED STATES OF AMERICA,**

        Respondent.

## MEMORANDUM AND ORDER

**HERNDON, Chief District Judge:**

Petitioner Kellie Douglas Cardenas is currently incarcerated in the Federal Prison Camp at Greenville, Illinois. By letter dated October 9, 2013, Cardenas wrote to U.S. District Judge Sam R. Cummings in the Northern District of Texas, asking for his "endorsement" of her request under the Second Chance Act of 2007, 18 U.S.C. § 3624(c), for placement in a halfway house for up to 12 months (Doc. 1). Judge Cummings construed the letter as a petition for writ of habeas corpus under 28 U.S.C. § 2241 and, therefore, transferred the case to this district, which is where FCI-Greenville is located (Doc. 3).

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a petitioner is challenging the fact or duration of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973); *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994). And, under the Second Chance Act, the Bureau of Prisons

(BOP) has the authority to place inmates in community confinement facilities during the final portion of their sentences for up to 12 months. Specifically:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

*Id.*

Section 3624(c)(1) requires only that "to the extent practicable," the BOP must allow an inmate to spend "a portion of the final months" of his term under conditions that will allow him to prepare and adjust for reentry into the community. *Id.* The language is discretionary, and there is simply no guarantee to placement for the maximum amount of time available. In exercising its discretion under Section 3624(c), the BOP must make its decision on an individual basis, and in a manner consistent with 18 U.S.C. § 3621(b), in order to "provide the greatest likelihood of successful reintegration into the community" 28 C.F.R. § 570.22.

With all that said, given that Cardenas's letter refers to an "endorsement" and seeks merely a "recommendation" regarding halfway house placement[1], this Court is far from certain that Cardenas intended her letter as a habeas petition.

Cardenas has not paid the $5.00 filing fee or moved for leave to proceed *in*

---

[1] "I request your recommendation to the BoP [sic] that I receive extended halfway house placement up to 12 months. If you are able to support my request, your statement can be sent to Case Manager Pam Stroud, FPC Greenville, P.O. Box 6000, Greenville, IL 62246. I would appreciate a courtesy copy." (Doc. 1, p. 2).

*forma pauperis*. Also, she does not indicate that she has even applied for placement in a halfway house,[2] or otherwise exhausted her administrative remedies—let alone that she has been denied placement. *See generally Gonzalez v. O'Connell,* 355 F.3d 1010, 1015–19 (7th Cir. 2004).

**IT IS HEREBY ORDERED** that, for the reasons stated, the petition is **DISMISSED** without prejudice and with leave to amend. If petitioner Cardenas does want to pursue relief under Section 2241, on or before **December 6, 2013**, she shall file a petition and pay the $5.00 filing fee, or move for leave to proceed *in forma pauperis*.

The Clerk of Court shall send Cardenas a Section 2241 petition form, and a form motion for leave to proceed as a pauper, along with a copy of this Order.

Given the unusual circumstances, if Cardenas elects not to proceed with this action, at the close of the prescribed deadline the case will be dismissed without prejudice, without Cardenas ever incurring the filing fee.

**IT IS SO ORDERED.**

Signed this 6th day of November, 2013.

David R. Herndon
2013.11.06
14:38:18 -06'00'

**Chief Judge
United States District Court**

---

[2] Placement decisions are to be made 17-19 months prior to the inmate's projected release date. According to the Bureau of Prisons' web page (www.bop.gov/inmate_locator/index.jsp), Cardenas's current release date is March 19, 2015.